

Michael M. Krauss
Tel 612.259.9712
kraussm@gtlaw.com

June 14, 2021

BY ECF AND EMAIL

Honorable Eric C. Tostrud
U. S. District Court Judge
United States District Court
District of Minnesota
Courtroom 3B
316 N. Robert Street
St. Paul, MN  55101

      Re:   *Orbit Sports LLC v. Glen A. Taylor, et al.*
              Case No. 0:21-cv-01289 (ECT/TNL)

Dear Judge Tostrud:

      As Your Honor is aware, this firm represents plaintiff Orbit Sports LLC ("Orbit") in connection with the above-referenced matter.  We write to respectfully respond to the letter submitted by Alain M. Baudry on behalf of the defendants (the "Taylor Parties").

      On Friday, June 11, Orbit filed a motion for (i) a temporary and preliminary injunction; (ii) specific performance, and (iii) an expedited briefing schedule and hearing on a motion for summary judgment.  (Doc. No. 12).  The Taylor Parties responded by filing a motion to dismiss the Complaint, which the Taylor Parties listed as returnable on August 16, 2021.  (Doc. No. 21). Through Mr. Baudry's letter, the Taylor Parties have advised that they are unwilling or unable to await this Court's decision on their motion to dismiss the Complaint before proceeding with the closing of their proposed transaction.  In doing so, the Taylor Parties are effectively forcing both the Court and Orbit to accommodate the Taylor Parties' insistence on proceeding without delay.

      Since it is the Taylor Parties whose actions threaten to irreparably harm Orbit, the Taylor Parties should not be allowed to deprive Orbit of its rights, including a right to reply – nor should the Taylor Parties be allowed to create an undue imposition for this Court.

      Mr. Baudry asserts that "if the Plaintiff truly felt there was an emergency, one would not have expected it to wait three weeks to bring a motion to enjoin a June 30 closing."  In fact, we

**Greenberg Traurig, LLP | Attorneys at Law**

90 South Seventh Street  |  Suite 3500  |  Minneapolis, Minnesota 55402  |  T +1 612.259.9700  |  F +1 612.677.3101

Albany. Amsterdam. Atlanta. Austin. Berlin. Boca Raton. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. Nashville. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ˜Greenberg Traurig Germany, LLP; *A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; ªGreenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

www.gtlaw.com

spoke with Mr. Baudry on June 2, 2021 and asked him about the status of the closing. The next day (i.e., June 3, 2021), Mr. Baudry sent a letter to us advising that the Taylor Parties "expect the closing of that transaction before *August 16*, pending receipt of the requisite League approval." (Doc. No. 16-1). Nowhere in his letter on that date, nor in any other communication before his letter to Your Honor this afternoon, did Mr. Baudry advise of a "*June 30* closing." It is only now, after Orbit has filed its motion for injunctive relief, that the Taylor Parties are saying that a closing on June 30 "remains a realistic possibility."

In any event, the Taylor Parties' advice this afternoon that they may close by June 30 underscores the urgency of Orbit's requests for relief. With respect to Orbit's pending motion for injunctive and related relief, the Taylor Parties have advised the Court that they are prepared to submit their opposition by June 21, 2021. If so, then they should do so, and Orbit should be allowed to submit its reply on the injunctive relief motion by June 28, 2021, which would allow the Court to address Orbit's motion on June 30, 2021 or as the Court may otherwise direct.

There is, of course, another alternative: Even if the Taylor Parties refuse to hold off on their closing to allow the Court a reasonable opportunity to consider Orbit's motion for a preliminary injunction, the Court can and should temporarily enjoin the Taylor Parties from proceeding, so as to maintain the status quo pending the disposition of Orbit's motion.

With respect to the Taylor Parties' motion to dismiss, it should be heard on a date that would allow Orbit to file an appropriate dispositive motion of its own, so that the Court can address both parties' dispositive motions on the same day and through the same briefing. As outlined in Orbit's papers filed on Friday, Orbit would prefer an expedited briefing schedule and hearing on its motion for summary judgment – but it would be inequitable if Orbit were required to respond on a highly expedited basis to the Taylor Parties' dispositive motion without having an opportunity to file its own dispositive motion on the same track.

Thank you for the Court's consideration of this matter.

Respectfully submitted,

/s/ *Michael M. Krauss*

Michael M. Krauss

Enclosures

cc: All counsel of record (by email)